# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Haydiee Burkes<br><br>AND<br><br>George C. Burkes<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Central Credit Services, Inc.<br><br>　　　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Haydiee Burkes, ("Haydiee"), is a natural person who resided in Avon, Ohio, at all times relevant to this action.

2. Plaintiff, George C. Burkes, ("George"), is a natural person who resided in Avon, Ohio, at all times relevant to this action.

3. Defendant, Central Credit Services, Inc., ("CCS"), is a Florida Corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, CCS collected consumer debts.

7. CCS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of CCS's revenue is debt collection.

9. CCS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, CCS contacted Haydiee and George to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Haydiee and George are "consumers" as defined by 15 U.S.C. §1692a(3).

13. Around March 2013, CCS contacted Haydiee and George in connection with the collection of the debt.

14. During this communication, Haydiee and George agreed to a payment plan with CCS.

15. During this communication, CCS requested Haydiee provide Haydiee's work number.

16. Haydiee provided her work number to CCS because Haydiee thought CCS needed the number to verify Haydiee's employment. Haydiee specifically informed CCS Haydiee was not permitted to take personal phone calls at work and requested CCS refrain from calling Haydiee at work, but informed CCS Haydiee could be contacted on Haydiee's cellular phone during non-working hours.

17. Around June 2013, George became unemployed and Haydiee and George were having difficulty making the payments to CCS.

18. Despite Haydiee's previous notice of not being able to take personal calls at Haydiee's place of employment, around November 2013, CCS contacted Haydiee at her place of employment in connection with the collection of the debt.

19. During this communication, Haydiee again informed CCS Haydiee was not permitted to take personal calls at work. CCS responded by rudely stating something substantially similar to, "Well if you people would answer your phones, we wouldn't have to call you at work."

20. CCS's comment was hurtful and degrading to Haydiee as she felt CCS reference to "you people" meant Haydiee was the scum of the earth.

21. Haydiee attempted to end the communication, but CCS would not allow it and continued to attempt to collect the debt. Haydiee felt she had no choice but to end the call.

22. On at least one occasion, CCS spoke with George and George attempted to explain he was unemployed.

23. During this communication, CCS threatened to garnish Haydiee's wages.

24. CCS has not garnished Haydiee's wages.

25. CCS never intended to garnish Haydiee's wages.

26. CCS caused Haydiee and George severe emotional distress.

27. CCS attempted to collect a debt from Haydiee and George.

28. CCS violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By: /s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys

Date: February 24, 2014

Jeffrey S. Hyslip, Esq. (OH Bar # 0079315)
917 W. 18th Street, Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com